IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| XAVIER JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV338 |
| | ) | |
| GRADY J. HAYNES, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Xavier Dominique Johnson, a prisoner of the State of North Carolina, on February 4, 2005, in the Superior Court of Durham County, was convicted after trial by jury of second-degree kidnapping and assault with a deadly weapon inflicting serious injury. He was sentenced to two consecutive terms of 42-60 months imprisonment. Petitioner Johnson appealed, but on January 2, 2007, the North Carolina Court of Appeals found no error and the Supreme Court of North Carolina thereafter denied certiorari review. *State v. Johnson*, 181 N.C. App. 287, 639 S.E.2d 78, *disc. review denied*, 361 N.C. 364, 644 S.E.2d 555 (2007). Petitioner was represented at trial by attorney Rebecca C. Wiggins and on appeal by attorney Ann B. Peterson.

Claims of the Petition

In his habeas corpus petition, Petitioner Johnson contents that: (1) he was deprived of his constitutional right to confront witness Felicia Turrain; (2) he was deprived of his

constitutional rights by the admission into evidence of crimes committed by someone else; and (3) he was deprived of his constitutional rights by the trial court's procedure for aggravating the sentences for both crimes. In response to the petition, Respondent ("the State") has filed a motion for summary judgment. Petitioner was advised of his right to respond and of the fact that "[y]our failure to respond . . . may cause the court to conclude that . . . you no longer wish to pursue the matter." (Pleading No. 8.) Despite this warning, Petitioner filed a summary judgment motion and "memorandum of law" (Pleading Nos. 13 and 14) that responded to the State's summary judgment motion *only* as to Claim (3) identified above. Petitioner made no response to the summary judgment motion as to Claims (1) and (2).

Factual Background

The North Carolina Court of Appeals summarized the evidence adduced at Petitioner's trial as follows:

> The evidence tends to show that defendant, co-defendant Robert Johnson, and Robert Harris, all residents of Durham, had known each other for years. According to Harris, he and Robert Johnson had a disagreement over money owed for drugs in April 2003. On 20 April 2003, defendant was driving his car when Harris approached. While they were speaking, Robert Johnson pulled up, got out of his vehicle, and forced Harris into defendant's car at gunpoint. Robert Johnson beat Harris while defendant drove. Harris testified that he offered to give Robert Johnson money, if that was what he wanted, but that defendant told Robert Johnson not to let Harris go because he would tell. Harris also testified that defendant asked Robert Johnson what he was going to do and told him, "you better kill him." Eventually, when defendant stopped the car, Robert forced Harris out of the car and shot him in the leg, partially severing his genitals and causing permanent injury.

*Johnson*, 181 N.C. App. at 289, 639 S.E.2d at 79.

## Discussion

Petitioner was advised that if he failed to respond to the State's summary judgment contentions, the Court could consider that he had abandoned his claims. Local Rule 7.3(k) provides that a failure to respond will cause the Court to consider the matter as uncontested. In this case, Petitioner Johnson has not pursued Claims (1) and (2), but has argued only Claim (3) in his responsive brief. Claims (1) and (2) are therefore subject to summary dismissal. The Court finds that Claims (1) and (2) should be dismissed on these and other grounds set forth below.

## Claim (1)

In Claim (1), Petitioner contends that he was deprived on his constitutional right to confront witness Felicia Turrain. The State's first defense is that this claim is procedurally barred from habeas corpus review. Procedural bar is said to arise because Petitioner, although he raised this claim before the North Carolina Court of Appeals on direct appeal, omitted the claim in his petition for discretionary review submitted to the Supreme Court of North Carolina. *See* Pleading No. 6, State's Supp. Br., Ex. 5. In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the United States Supreme Court squarely held that claims not raised in a petition for discretionary review to a state supreme court from an intermediate state appellate court on direct review are unexhausted and therefore are procedurally barred from federal habeas review.

The State presents a second basis for the application of a procedural bar as to Petitioner's Claim (1). Petitioner did not object at trial that his opportunity to confront witness Felicia Turrain had been abridged. On appeal, the North Carolina Court of Appeals found that Petitioner had waived any objection on this ground by his failing to make a contemporaneous objection. That Court wrote:

> Defendant first argues that the trial court deprived him of his constitutional rights under the confrontation clause when it allowed the out-of-court statements of Ms. Felicia Turrain into evidence. At trial, Walter Harris testified that he had signed a notarized statement that defendant did not participate in the incident when Harris was kidnapped and shot. The State asked why Harris had signed this statement, and Harris stated that Felicia Turrain kept coming to the nursing school where he was taking classes and asking, "would I help [defendant] out, you know, to get out of this trouble, because really basically like he couldn't afford to take another charge like this." The court overruled defendant's objection but instructed the jury not to consider the portion of the testimony that "'he couldn't afford to take another charge like this.'" It is well-established that our appellate courts will only review constitutional questions raised and passed upon at trial. N.C. R. App. P. 10(b)(1)(2004); *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982). Here, defendant lodged a general objection but did not object on constitutional grounds. Where a defendant fails to properly object at trial, he may argue plain error on appeal. N.C. R. App. P. 10(c)(4)(2004). However, defendant has not asserted plain error and thus has waived plain error review. *State v. Dennison*, 359 N.C. 312, 312, 608 S.E.2d 756, 757 (2005). Accordingly, defendant's constitutional argument is not properly before us, and we overrule this assignment of error.

*Johnson*, 181 N.C. App. at 290, 639 S.E.2d at 79-80.

The Court finds that Petitioner has committed the two procedural defaults described above, and has further failed to pursue Claim (1) in his response to the State's summary judgment motion in this action. Petitioner has made no showing of "cause and prejudice"

-4-

with respect to his procedural defaults. *See generally, Thomas v. Davis*, 192 F.3d 445, 450 n.2 (4th Cir. 1999). Accordingly, the Court concludes that Claim (1) is barred from federal review and should be dismissed.

### Claim (2)

In Claim (2), Petitioner Johnson contends that he was deprived of his constitutional rights by the admission into evidence of crimes committed by someone else. On review, the Court finds Claim (2) to be procedurally barred pursuant to *O'Sullivan v. Boerckel* for the reasons that are outlined with regard to Claim (1). *See* Pleading No. 6, Ex. 5. As with regard to Claim (1), Petitioner Johnson has not shown cause and prejudice for his procedural default and, in fact, has not pursued Claim (2) in his response to the State's summary judgment motion. Claim (2) should be dismissed as procedurally defaulted.

### Claim (3)

In Claim (3), Petitioner contends that he was deprived of his constitutional rights by the trial court's procedures in aggravating the sentences for both crimes. Petitioner apparently presents one argument under this claim: that the trial court lacked jurisdiction to fashion its own procedural mechanism for complying with *Blakely v. Washington*, 542 U.S. 296 (2004) in the absence of legislative or statutory authority. *See* Pleading No. 14, Petr.'s Mem. of law, at 4-10. The North Carolina Court of Appeals denied this claim, reasoning as follows:

> In 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The

Court held that a defendant's constitutional right to trial by jury requires that jurors find, beyond a reasonable doubt, facts which increase the penalty for a crime "beyond the prescribed statutory maximum," defining "statutory maximum" as the maximum sentence allowed by a jury's verdict or from a defendant's admissions, without additional judge-made findings of fact. In *State v. Allen,* 359 N.C. 425, 615 S.E.2d 256 (2005), *withdrawn by* 360 N.C. 569, 635 S.E.2d 899 (2006), the North Carolina Supreme Court reviewed the effect of *Blakely* on the North Carolina structured sentencing act ("the Act"). The Court concluded that N.C. Gen. Stat. § 15A-1340.16 (2004), the portion of the Act which required trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant, and which permitted imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence, violated the Sixth Amendment as interpreted in *Blakely*. The Court held that all of its holdings in *Allen* applied to cases in which "the defendants had not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final." Here, defendant was indicted on 11 August 2003, judgment was entered 4 February 2005, and defendant filed notice of appeal on 5 February 2005. *Allen* was filed on 1 July 2005; thus, defendant's case was pending on direct review when *Allen* was certified. Although *Allen* was later withdrawn on other grounds (for its determination that *Blakely* errors were structural and not subject to harmless error analysis), *Allen* was controlling precedent at the time defendant was sentenced.

The General Assembly had not amended the Act at the time of defendant's trial. When the legislature did amend N.C. Gen. Stat. § 15A-1340.16 on 30 June 2005, it stated that:

> This act is effective when it becomes law. Prosecution for offenses committed before the effective date of this act are not abated or affected by this act, and the statutes that would be applicable but for this act remain applicable to those prosecutions.

2005 N.C. Sess. Laws 145. Thus, at the time of defendant's trial, the applicable statute was the unamended version of N.C. Gen. Stat. § 15A-1340.16(2004), which required the trial court to find aggravating factors not admitted by defendant by a preponderance of the evidence and to make written findings. *Id.* Aware of the problems presented by *Blakely*, the trial court here presented the aggravating factors to the jury and the jury found these factors

> beyond a reasonable doubt. The trial court wrote by hand on the judgment form, "found by the jury beyond a reasonable doubt," below the findings of aggravating factors.
>
> Defendant does not assert that the trial court violated his rights under *Blakely*, but that the trial court acted without authority when it fashioned its own remedy to comply with *Blakely* before our legislature had amended the structured sentencing act. However, the North Carolina Supreme Court recently addressed this issue, where "the trial court allegedly lacked a procedural mechanism by which to submit the challenged aggravating factor to the jury," and concluded that North Carolina law "permits the submission of aggravating factors to a jury using a special verdict." *State v. Blackwell,* 361 N.C. 41, 46-49, 638 S.E.2d 452, 456-58 (2006).
>
> . . . .
>
> Here, we conclude that the trial court complied with the limitations for a special verdict set forth in *Blackwell,* and thus we overrule this assignment of error.

*Johnson*, 181 N.C. App. at 291-93, 639 S.E.2d at 80-82 (citations omitted).

The state court's ruling on an alleged error of state law in sentencing procedures is not subject to federal review in a habeas corpus action. *See Thomas v. Taylor*, 170 F.3d 466, 470 (1999)(insofar as defendant, a juvenile, maintains he was entitled to be sentenced by the trial judge as a matter of state law, federal habeas court is foreclosed from reviewing alleged errors of state law). Before this Court, Petitioner cannot complain of a *Blakely* error because the aggravating factors in his case *were* found by a jury, not the trial judge, under a standard of proof beyond a reasonable doubt. Petitioner's argument appears to be that the trial court's procedure used in this case, before the enactment of the specific statutory authorization which came only later, violates the federal *Ex Post Facto* clause of the constitutional. U.S.

-7-

Const. art. I, § 10. But Petitioner cites no federal authority for such an argument. The United States Supreme Court has never announced such a rule as that contended for by Petitioner in this case, and this Court may not create a new constitutional rule during habeas corpus review. *See Teague v. Lane*, 489 U.S. 288 (1989). In any event, the *Ex Post Facto* clause does not protect against changes in *procedures* by which a case is tried and sentence imposed, even if those changes may be said to work to the defendant's disadvantage. *See Collins v. Youngblood*, 497 U.S. 37 (1990).

This Court may find merit in a habeas corpus claim only if the petitioner shows that a state court decision (here, the decision of the North Carolina Court of Appeals) is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. No clearly established federal law establishes that a trial court procedure, through use of special verdicts, to allow a jury to find aggravating factors beyond a reasonable doubt, before the time of specific legislative authority, violates the *Ex Post Facto* clause of the constitution. Claim (3) is without merit and should be dismissed.

Conclusion

For reasons set forth above, **IT IS RECOMMENDED** the State's motion for summary judgment (Pleading No. 5) be granted, that Petitioner Johnson's motion for

-8-

summary judgment (Pleading No. 13) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: March 11, 2008